Dear Ms. Mucker:
You have requested an opinion of the Attorney General relative to the role of the Industrial Development Board of the Parish of Caddo, Inc. (Board), in the Shreveport Industrial Park Project (Project) for which a cooperative endeavor agreement is currently being drafted.
The first question is what future accountability or responsibility does the State expect from the Board as it relates to this project. While the Board is referred to in the proceedings of the State Bond Commission, Act 645 of 1993 appropriates the funds to the City of Shreveport (City) for the project. As reflected by the co-op, the City and the Greater Shreveport Economic Development Foundation, Inc. (Foundation), have agreed that the responsibility for the land acquisition will rest upon the Foundation. The City will merely act as a conduit for the funds to flow to the Foundation. It is the intent, as expressed in the co-op, that the Board will have virtually no accountability or future responsibility with respect to the project. The Board's appearance merely ratifies this fact.
As you point out in your letter, the City and the Foundation are joining together to utilize the appropriation contained in Act 645 to acquire a 383 acre tract of land which will be used for an industrial park. Title to the land will rest with the Foundation. Your second question asks whether it is legally permissible for the Foundation to receive title to the property in light of Article VII, Section 14 (A) of the Louisiana Constitution of 1974.
As reflected in the draft of the co-op, both the City and the Foundation acknowledge and confirm that the Foundation was created for the purposes of engaging in scientific, educational and charitable endeavors to promote, encourage, aid and further the economic development and welfare of the City of Shreveport and its surrounding areas, with respect to (1) industrial location, development and expansion; (2) the development of commerce; (3) education and work force development; and (4) the furthering of the uses of the products of agriculture and natural resources produced in the area. It is obvious that the purposes and objectives for which the Foundation was created coincides with the furtherance of a governmental purpose shared by the City. Under these circumstances, the State's transfer of the funds to the Foundation, through the City, for the purchase of the land to be titled with the Foundation does not constitute a violation of Article VII, Section 14. See Guste v.Nicholls College Foundation, 564 So.2d 682 (La. 1990).
Trusting this answers your inquires, I am
Yours very truly,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 BY: __________________________ ROBERT E. HARROUN, III Assistant Attorney General
RPI/ROB3/gbe
cc: Martha S. Hess, Assistant Attorney General
Roy Brown, Fiscal Officer Ms. Lisa Mucker Economic Developer Greater Shreveport Economic Foundation P.O. Box 20074 Shreveport, La 71120-0074
Date Received: Date Released:
Robert E. Harroun, III Assistant Attorney General